IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| REGINALD MIDDLEBROOKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:22-CV-165 (MTT) |
| | ) |
| SWIFT TANSPORTATION COMPANY, | ) |
| | ) |
| Defendant. | ) |

### ORDER

On May 3, 2022, Plaintiff Reginald Middlebrooks, proceeding pro se, filed his complaint. Doc. 1. That same day, he filed a motion to proceed *in forma pauperis* ("IFP"). Doc. 2. For the reasons stated, Middlebrooks's motion to proceed IFP is **GRANTED**. However, Middlebrooks's complaint lacks important factual allegations that Middlebrooks may have omitted because of his pro se status. Thus, the Court **ORDERS** Middlebrooks to amend his complaint.

### I. DISCUSSION

**A. Financial Status**

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets

such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court … is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004) (internal quotation marks and citation omitted).  To show poverty, a plaintiff need not show in the affidavit that he is "absolutely destitute." *Id.* at 1307 (internal quotation marks and citation omitted).  Instead, "[s]uch an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.*  "A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307).

However, § 1915(a) "should not be a broad highway into the federal courts." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (internal quotation marks and citation omitted).  Section 1915(a) "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014) (internal quotation marks and citations omitted).  District courts are given wide discretion to decide IFP cases and should grant the privilege sparingly, especially in civil cases for damages.  *Martinez*, 364 F.3d at 1306 (citation omitted).

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.2 (11th Cir. 2004).

Middlebrooks's IFP affidavit establishes that he cannot pay the court fees. Doc. 2. Thus, the Court finds that Middlebrooks is unable to pay the costs of this proceeding without undue hardship and therefore his motion for leave to proceed IFP (Doc. 2) is **GRANTED**.

**B. Frivolity Review**

Section 1915 does not create an absolute right to proceed IFP in civil actions. "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Martinez*, 364 F.3d at 1307 (internal quotation marks, alterations, and citation omitted). When allowing a plaintiff to proceed IFP, the Court shall dismiss the case if the Court determines that the complaint (1) "is frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[2] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing

---

[2] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (quotation marks and citation omitted)).

*Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).  However, because the plaintiff is proceeding pro se, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotation marks and citation omitted).  But "[d]espite the leniency afforded pro se plaintiffs, the district court does not have license to rewrite a deficient pleading."  *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (citation omitted).

Middlebrooks alleges that he accepted a truck driver position with Swift Transportation, but his tenure in this position was short-lived.  First, Middlebrooks alleges that his job duties differed greatly from the job description initially described to him.  Doc. 1-1 ¶ 12.  Middlebrooks also mentions that while negotiating his job offer, he requested that the geographical scope of his driving route be narrowed; this may be the job duty discrepancy that Middlebrooks is referring to.  *See id*. ¶¶ 1-2.

Next, Middlebrooks alleges that he was reprimanded twice within his first month for violating driving hour regulations.  Middlebrooks disagreed with the reprimands, and he appears to assert that there is an explanation for the violations.  *Id*. ¶¶ 7-9.  Middlebrooks also alleges that he was falsely accused of using his company vehicle for personal use and "making several stops unknown to the company."  *Id*. ¶ 9.  Middlebrooks suggests that he has evidence that shows the allegations against him are false.  *Id*. ¶ 10.

Middlebrooks quickly shifts gears and states that he, at some point, took emergency leave because of medical complications.  *Id*. ¶ 18.  Middlebrooks was placed on ADA leave and was told that a recommendation would be given after his

medical documentation was received.  *Id*. ¶ 19.  Middlebrooks was later informed that based on his medical condition, he could not continue in his truck driver position with Swift Transportation.  *Id*. ¶ 23.  Middlebrooks was placed on another type of leave and told he could apply for different position at Swift Transportation, but there was no guarantee he would be given a position.  *Id*. ¶ 24.

Middlebrooks attached EEOC documents with his complaint.  *See* Doc. 1-2.  One of the questions in the attached EEOC Charge is "what happened to you that you think was discriminatory?"  Doc. 1-2 at 1.  Middlebrooks listed the driving hour disputes discussed above.  Another question in the EEOC Charge is "why do you think you were discriminated against?"  *Id*.  The area to answer this question includes boxes where an individual could check race, color, religion, sex, national origin, age, disability, genetic information, retaliation, or other.  Middlebrooks checked "other" but failed to specify his perceived reason for discrimination.  Contributing to the Court's confusion, Middlebrooks checked a box in his complaint form indicating he was bringing this action pursuant to Title VII, but he never alleges that the defendants discriminated against him based on any protected characteristic.

Thus far, Middlebrooks's allegations appear thin, and the Court is unable to conduct a thorough frivolity review.  *See* 28 U.S.C. § 1915(e)(2)(b) (stating that a court is required to dismiss a case brought by a pros se plaintiff if it (1) is frivolous, or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief).  It is not clear whether this deficiency is because of the manner in which the allegations have been pled or whether they simply lack substance.  However, given Middlebrooks's pro se

status, the Court will afford him an opportunity to amend his complaint to state viable claims.  See *Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it.").

The amended complaint will take the place of and supersede Middlebrooks's original complaint.  *Schreane v. Middlebrooks*, 522 F. App'x 845, 847-48 (11th Cir. 2013).  Middlebrooks may not refer to, or incorporate by reference, his previous complaint.  The Court will not look back to the facts alleged in the original complaint once the amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B). *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

Middlebrooks's recast complaint should clearly state (1) who he seeks to sue; (2) what each defendant did (or did not do) to violate his rights; (3) when and where each action occurred; and (4) how Middlebrooks was injured as a result of each defendant's actions.  If, in his recast complaint, Middlebrooks fails to clearly link a defendant to a claim, the claim will be dismissed; if he makes no allegations against a defendant, that defendant will be dismissed.

For these reasons, Middlebrooks is **ORDERED** to amend his complaint to include all facts that he wishes to make a part of these proceedings.  Middlebrooks shall have until **June 8, 2022** to file his amended complaint.

-7-

## II. CONCLUSION

Pursuant to 28 U.S.C. § 1915 and for the reasons set forth above, Middlebrooks's motion to proceed IFP (Doc. 2) is **GRANTED**, and Middlebrooks is ordered to amend his complaint no later than **June 8, 2022**.

**SO ORDERED**, this 18th day of May, 2022.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT