IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **REGINALD MIDDLEBROOKS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.  5:22-cv-165 (MTT) |
| ) | |
| **SWIFT TRANSPORTATION COMPANY** ) | |
| ) | |
| Defendant. ) | |

## ORDER

On May 3, 2022, Plaintiff Reginald Middlebrooks filed suit against Defendant Swift Transportation Company and contemporaneously filed a motion for leave to proceed in forma pauperis.  Docs. 1, 2.  The Court granted Middlebrooks's motion (Doc. 2), but ordered him to amend his complaint by June 8, 2022.  Doc. 3.  Middlebrooks did so, but still fails to state a claim.  Doc. 4.  Accordingly, Middlebrooks's amended complaint (Doc. 4) is **DISMISSED** without prejudice.

## I. BACKGROUND

Middlebrooks asserts numerous federal and state claims against Swift: Title VII discrimination and retaliation, ADA discrimination, negligence, defamation, intentional fraud, constructive fraud, breach of contract, and intentional infliction of emotional distress.  Doc. 4.

Middlebrooks states that after negotiating the terms of his employment, he accepted a job offer with Swift.  *Id*. ¶¶ 1-4.  Middlebrooks alleges he "requested the agreement be placed in writing," but it never was.  *Id*. ¶ 5.  Moreover, he alleges he

"was denied the course of the agreement during sign-on to terminal." *Id*. ¶ 6. Middlebrooks does not explain what the terms of employment entailed, but he does allege that Swift did not comply with them. *Id*. ¶¶ 7-8 ("Middlebrooks plead with terminal to comply, as the agreement was continuously violated; subjecting him to the will of the terminal without restraint, regard or consideration.").

Middlebrooks next alleges that Swift reported false information on his driving records, which affected his "personal and professional reputation." *Id*. ¶ 11. These falsified records, Middlebrooks contends, were "within context a defaming character depicting an act of illicit and or insidious nature." *Id*. He made his displeasure with the allegedly falsified records known to Swift. *Id*. ¶ 10. Then, according to Middlebrooks, Swift retaliated against him in violation of Title VII, although he does not explain how. *Id*. ¶¶ 9, 10 ("Middlebrooks feels he was retaliated against for his redemption efforts and complaints of unfair treatment … Middlebrooks felt the acts taken against him were intentional, discriminate and retaliatory and therefore proceed filing under Title VII … retaliation for exercising rights under this statute, as Plaintiff made complaints to Swift Transportation on numerous occasions about unfair treatment.").

Middlebrooks then accuses Swift of "irregular acts" in handling his ADA claims. *Id*. ¶ 12. He alleges that details of his ADA leave were never communicated to him. *Id*. ¶ 14. Middlebrooks also alleges that Swift's ADA coordinator stated that Middlebrooks's "doctor said 'he was disabled,'" which Middlebrooks claims is false. *Id*. Furthermore, Middlebrooks alleges he "was deserted the total allotment of 12 weeks granted by ADA provision but the medical review was conducted only after his inquiry, post 12 weeks." *Id*. ¶ 15. Finally, he alleges that he was not allowed to discontinue his status as on "job

search leave," which "restricted his right to file for unemployment compensation." *Id*. ¶ 16.

## II. STANDARD

Section 1915 does not create an absolute right to proceed IFP in civil actions.  28 U.S.C. § 1915.  "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous."  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (cleaned up).  The Court shall dismiss the case if it determines that the complaint (1) "is frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'"  *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).  "A dismissal under § 1915(e)(2)(B)(ii) [for failure to state a claim] is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6)."[1]  *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).  However, because Middlebrooks is proceeding pro se, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Hughes v. Lott*, 350

---

[1] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter "to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff*." Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (internal quotation marks and citation omitted).

F.3d 1157, 1160 (11th Cir. 2003) (internal quotation marks and citation omitted). But "[d]espite the leniency afforded pro se plaintiffs, the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (citation omitted).

### III. DISCUSSION

Middlebrooks only attempts to plead his Title VII discrimination and retaliation, ADA discrimination, defamation, and breach of contract claims.[2] Accordingly, these are the only claims the Court will substantively address.

**A. Middlebrooks Fails to Plead a Title VII Discrimination or Retaliation Claim.**

"To make out a prima facie case of racial discrimination [under Title VII,] a plaintiff must show (1) [he] belongs to a protected class; (2) [he] was qualified to do the job; (3) [he] was subjected to adverse employment action; and (4) [his] employer treated similarly situated employees outside [his] class more favorably." *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008).[3]

Here, Middlebrooks fails to allege that he is a member of a protected class, either in his complaint or EEOC charge.[4] Docs. 1-2, 4. Moreover, he has not alleged that he

---

[2] Middlebrooks fails to allege specific facts necessary to plausibly state negligence, intentional fraud, constructive fraud, or intentional infliction of emotional distress claims against Swift. Rather, these claims are simply listed at the end of his amended complaint. Doc. 4 ¶ 17. Therefore, Middlebrooks's claims for negligence, intentional fraud, constructive fraud, and intentional infliction of emotional distress are **DISMISSED** without prejudice.

[3] Although the pleading standard at this stage does not require Middlebrooks to establish a *McDonnell Douglas* prima facie case, his failure to allege facts relevant to any of the elements is significant. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-511 (2002) ("The prima facie case under *McDonnell Douglas* … is an evidentiary standard, not a pleading requirement.").

[4] In his EEOC charge, which was attached to his original complaint, Middlebrooks checked "other" instead of race, color, religion, sex, national origin, age, disability, genetic information, or retaliation for why he thought he was discriminated against. Doc. 1-2. And in the second "why do you think you were discriminated against" section of his charge, he again did not choose any of the listed protected traits. *Id*. at 3. But Middlebrooks did note that he is black. *Id*. at 2.

was treated differently because of his membership in that unknown protected class or that other employees were treated more favorably than him. Rather, it appears that Middlebrooks is simply complaining about "unfair treatment" at his former employment. Doc. 4 ¶¶ 9-10. But Title VII does not provide a general cause of action for unsatisfied employees.

Middlebrooks's Title VII retaliation claim also fails. He alleges that Swift retaliated against him for making complaints about unfair treatment. *Id*. ¶ 10. A plaintiff alleging retaliation in violation of Title VII "must show that (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) there is some causal relation between the two events." *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001) (citation and internal quotation marks omitted). Middlebrooks fails to plausibly allege facts tending to establish any of these elements. First, he has not alleged that he engaged in protected activity, such as complaining about discrimination or launching EEOC proceedings. Instead, he vaguely alleges he complained to Swift about "unfair treatment." That is not enough. Second, he does not specify what adverse actions Swift took against him after he complained, and third, it necessarily follows that he has not alleged a causal connection between any protected activity and an adverse employment action. In sum, Middlebrooks has fallen well short of stating a claim for Title VII discrimination or Title VII retaliation. Therefore, those claims are **DISMISSED** without prejudice.

**B. Middlebrooks Fails to Plead an ADA Discrimination Claim.**

Middlebrooks's ADA discrimination claim also misses the mark. "To establish a prima facie case of disability discrimination, a plaintiff must show that he (1) is disabled,

(2) is a 'qualified' individual, and (3) was subjected to unlawful discrimination because of his disability ... [A] Qualified individual is someone who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Samson v. Federal Express Corp.*, 746 F.3d 1196, 1200 (11th Cir. 2014) (cleaned up).  Middlebrooks alleges Swift discriminated against him by failing to properly handle his ADA claim, communicate leave rights under the ADA, provide him twelve weeks of leave, or grant a recission of his job search leave.  However, he fails to allege that he even has a disability.[5]  And Middlebrooks's EEOC charge does not help him—he never checked "disability" as a basis for discrimination.  Doc. 1-2.  It is also unclear what position he needed to be qualified for, and if he even was qualified.  Accordingly, Middlebrooks's ADA discrimination claim is **DISMISSED** without prejudice.

**C.  Middlebrooks Fails to Plead a Defamation Claim.**

Next, Middlebrooks seems to allege Swift defamed him when it reported false information on his driving records.  Doc. 4 ¶ 3.  "Under Georgia law, a claim for defamation has four elements: (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting at least to negligence; and (4) special harm or the actionability of the statement irrespective of special harm." *American Civil Liberties Union, Inc. v. Zeh*, 312 Ga. 647, 650, 864 S.E.2d 422, 427 (2021) (internal quotation marks and citation omitted).  Although Middlebrooks alleges a false and defamatory statement—incorrect driving record information—there is no allegation of what specifically was false, or that

---

[5] It is possible that Middlebrooks actually asserted the opposite when he stated, "[c]oordinator also stated that Plaintiff's doctor said 'he was disabled' which was untrue."  Doc. 4 ¶ 14.

this information was communicated to a third party. Nor did he allege negligence by the defendant led to its report of false information, or what harm he experienced as a result of these actions. Therefore, Middlebrooks's defamation claim is **DISMISSED** without prejudice.

**D.  Middlebrooks Fails to Plead a Breach of Contract Claim.**

Finally, Middlebrooks also seems to allege that Swift breached his employment contract. *Id*. ¶¶ 4-8. He states that the agreement was never reduced to a writing, as he requested, that he was denied "the course of the agreement," and that Swift did not comply with the agreement. *Id*. ¶¶ 5-8. To state a breach of contract claim, a plaintiff must allege three elements: "(1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." *Kuritzky v. Emory Univ.*, 294 Ga. App. 370, 371, 669 S.E.2d 179, 181 (Ga. Ct. App. 2008). However, he does not state specifically how Swift breached the contract, just that Swift did not comply. Nor does he allege any damages resulting from this alleged breach. Accordingly, Middlebrooks's breach of contract claim is **DISMISSED** without prejudice.

## IV. CONCLUSION

Because Middlebrooks fails to state any claim on which relief can be granted, his complaint is **DISMISSED** without prejudice.

**SO ORDERED**, this 28th day of September, 2022.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT