IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **REGINALD MIDDLEBROOKS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:22-CV-165 (MTT) |
| | ) |
| **SWIFT TRANSPORTATION COMPANY,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## ORDER

The Court denied Plaintiff Reginald Middlebrooks's first motion to appeal *in forma pauperis* ("IFP") on October 28, 2022. Docs. 9; 11. Middlebrooks again moves to proceed IFP on appeal. Doc. 13. As noted in the Court's previous Order (Doc. 11), Middlebrooks seeks to appeal the dismissal of his complaint. Docs. 6; 13. Applications to appeal IFP are governed by 28 U.S.C. § 1915[1] and Federal Rule of Appellate Procedure 24. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [individual] possesses that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> …
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Federal Rule of Appellate Procedure 24(a) provides:

---

[1] 28 U.S.C. § 1915 applies to "prisoners and non-prisoners alike." *See Taliaferro v. United States*, 677 F. App'x 536, 537 (11th Cir. 2017); *see also Troville v. Venz*, 303 F.3d 1256, 1259-1260 (11th Cir. 2002).

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court.  The party must attach an affidavit that:
> > (A) shows … the party's inability to pay or to give security for fees and costs;
> > (B) claims an entitlement to redress; and
> > (C) states the issues that the party intends to present on appeal.
> (2) … If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed IFP on appeal.  First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal.  Middlebrooks's second application indicates that he is unable to pay the $505 appellate filing fee.  Doc. 13.

Next, the Court must determine if Middlebrooks satisfies the good faith requirement.  "'[G]ood faith' … must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  "[G]ood faith … is demonstrated when [a party] seeks appellate review of any issue not frivolous." *Id*.  An issue "is frivolous if it is without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citation and internal quotation marks omitted) *overruled on other grounds by Hoever v. Marks*, 993 F.3d 1353 (11th Cir. 2021).  "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (citations and internal quotation marks omitted).  Moreover, "[i]n deciding whether an IFP appeal is frivolous, a district court determines whether there is a factual and legal basis … for the asserted wrong, however inartfully pleaded." *Id*.

The Court noted in its previous Order that Middlebrooks failed to state the specific issues he intends to appeal.  Doc. 11 at 2.  Seemingly as an attempt to address that issue, Middlebrooks's second motion states the issues on appeal are wrongful

termination, defamation, Title VII, and the Americans with Disabilities Act.  Doc. 13 at 1.  However, this change merely lists his claims and therefore does not alter the Court's previous conclusion that "Middlebrooks's appeal is not brought in good faith because, again, no issue raised in Middlebrooks's complaint is 'capable of being convincingly argued.'"  Doc. 11 at 3 (quoting *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991).

Accordingly, Middlebrooks's second motion to proceed IFP on appeal (Doc. 13) is **DENIED**.  The Court again notes that if Middlebrooks wishes to proceed with his appeal, he must pay the appellate filing fee.

**SO ORDERED**, this 1st day of December, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
